HALL
v.
JOHNSON.

HALL *v.* JOHNSON.

A *scire facias* cannot issue, either at common law or by statute, against a sheriff
or constable for an escape.

An execution-creditor, in order to recover against the sheriff or constable for an
escape, must aver and prove the existence of a judgment against the execution-
debtor.

The pleadings before justices of the peace cannot be objected to for want of form :
*aliter*, as to substantial defects.

ERROR to the *Marion* Circuit Court.

Thursday,
*May 29.*

BLACKFORD, J.—A *sci. fa.* was issued by a justice of the
peace, in which *Johnson* was the plaintiff and *Hall* the defend-
ant. The *sci. fa.* was demurred to by *Hall;* and the justice
rendered a judgment, on the demurrer, in favour of *Johnson,*
for 49 dollars and 68 cents, with interest and costs. The Cir-
cuit Court, on appeal by *Hall,* rendered a similar judgment
against him, on his demurrer to the writ.

The *sci. fa.* reads as follows:—" The state of *Indiana* to
any constable in *Centre* township, *Marion* county, greeting:
Whereas *Abraham A. Hall,* constable, held an execution of *ca.
sa.* against the body of *Philip Hedges,* dated the 28th of *January,*
1832, in favour of *D. H. Johnson,* issued by *Obed Foote,* a justice
of the peace at *Indianapolis;* and whereas the said *Abraham,* as
appears from the return of said writ, took the said *Philip* into
custody on the 10th day of *February,* 1832, and then, to wit, the
same day, released the said *Philip* from his said custody, without
his having taken the insolvent oath, or having been otherwise
legally discharged. You are therefore commanded to summon
the said *Abraham,* to appear before me at my office in *Indiana-
polis,* on the 25th of *February,* 1832, at 2 o'clock, P. M., to show
cause if any he can, why he has not made the said debt named
in said execution, or held the said *Philip* in custody until legally
discharged. Given under my hand and seal, this 20th of *Feb-
ruary,* 1832.—*Obed Foote,* justice, [L. S.]" In support of the
demurrer to this *sci. fa.,* two grounds are relied on:—

The first is, That the action is for an escape; and that a
*sci. fa.,* in such a case, will not lie. There can be no doubt,
but that the only cause of complaint contained in this writ, is

the constable's permitting the execution-defendant to escape out of custody. For such an injury, the only common law remedy against a sheriff, is an action of trespass on the case. The statutes of *Edw.* 1, and *Rich.* 2., which are in force here, give a further remedy for an escape on execution, by an action of debt. The plaintiff below has not thought proper to resort to either of these actions; but has chosen to proceed by a writ of *sci. fa.* The statute of 1831 is relied on for this mode of proceeding. R. C. p. 107, 108. This statute enacts, that if a constable fail to make due return of process at the proper time, or within six days thereafter,—or if he fail to pay over to the proper party 'on reasonable demand, or to the justice in the absence of such demand, on the return day or within six days thereafter, all moneys collected by him by virtue of his office on execution or otherwise,—or if he make a false return,—he may be proceeded against by *sci. fa.* There are here three cases in which a *sci. fa.* may be issued against a constable. The first is, for not returning process; the second, for not paying over money collected; and the third, for making a false return. It is clear, that an escape on execution is not one of the cases embraced by this statute; and that the plaintiff below, therefore, in issuing this writ against the constable, mistook his proper remedy for the injury complained of.

Admitting, however, for the sake of argument, that a *sci. fa.* does lie against a constable for an escape, there is still a fatal objection to the one before us. This objection is, that the writ does not aver the recovery of a judgment on which the execution issued. It is clear, that before *Johnson* can recover against *Hall* for permitting *Hedges* to escape, he must prove that he had, previously to the execution, obtained a judgment against *Hedges*. *Johnson*, without such a judgment, had no right to the execution against *Hedges*, and could have sustained no injury from the escape complained of. If the proof of a judgment was essential to the support of the action, it follows of course that the existence of the judgment should have been averred in the *sci. fa.* This point was examined in the case of *The State, ex rel. Crane,* v. *Beem et al.* at the *May* term, 1833 (1). That was an action of debt upon a sheriff's bond, brought by the execution-creditor against the sheriff and his sureties, for an escape. We there held that, before the plaintiff could recover, he must aver in his declaration, and prove at the trial, the existence of a judgment

against the execution-debtor.   That case cannot be distinguished, in principle, from the one before us.   The issuing of a *sci. fa.* against an officer for an escape, differs only as to the form of proceeding from an action of debt or on the case against him for an escape.   The foundation of the action in the one case is the same with that in the other.   The *sci. fa.*, like the declaration in debt or case, must show a good cause of action. It must show the judgment, the execution, the arrest, and the escape.   It is true, that, as the case before us was commenced before a justice of the peace, objections to mere form cannot be insisted on.   But, as to matters of substance, the rules must be the same, whether the action be instituted before a justice, or in the Circuit Court.   The omission, in this case, to aver the existence of a judgment against the execution-debtor, is a fatal objection to the substance of the writ.

There are two grounds, therefore, upon which the demurrer to the *sci. fa.* ought to have been sustained.   First, because it exhibits a case in which a *sci. fa.* is not authorised to issue. Secondly, because, if it could issue, the writ is substantially defective.   The judgment of the Circuit Court, sustaining the *sci. fa.* is consequently erroneous, and must be reversed.

*Per Curiam.*—The judgment is reversed with costs.   Cause remanded, &c.

*W. W. Wick,* for the plaintiff.

*H. Brown,* for the defendant.

(1) Ante, p. 222.